**In re Edward Witt
CHANDLER, Appellant.**

No. 89–5590.

United States Court of Appeals,
Sixth Circuit.

Submitted on Briefs May 7, 1990.
Decided June 28, 1990.

Edward Witt Chandler, Memphis, Tenn., pro se.

249

Before MARTIN and GUY, Circuit Judges, and DOWD, District Judge.*

BOYCE F. MARTIN, JR., Circuit Judge.

Edward Witt Chandler is an attorney upon whom the district court summarily imposed a fine of $95 for contempt of court. Mr. Chandler was ninety-five minutes late for an appearance before the district court on behalf of his client, Virgil Cook, scheduled for 9:30 a.m. on March 30, 1989. We reverse the imposition of criminal contempt because we feel that summary disposition was inappropriate under Fed. R.Crim.P. 42(a). In addition, we are not confident that Mr. Chandler had the requisite intent to commit criminal contempt.

Mr. Chandler was late for his appearance in court because he had an appearance scheduled at the same time in state criminal court. Mr. Chandler states that until the morning of the hearing, he believed that the federal court hearing was scheduled for 1:30 in the afternoon. Mr. Chandler went to the state court hearing at 9:10 that morning and attempted to gain permission to leave in order to appear on time in federal court. Mr. Chandler was unable to get permission from the state court judge to leave, and this delay caused him to be late for his appearance in federal court. When Mr. Chandler realized he would be late, he apparently attempted, without success, to inform the district court of his quandary.

Mr. Chandler finally arrived at federal court at 11:05 a.m. The judge and the parties had all been waiting since 9:30 a.m. because Mr. Chandler's case was the only one on the docket that morning. When Mr. Chandler arrived, the district court expressed its displeasure with Mr. Chandler's conduct, announced that Chandler was in contempt, and fined him $95, one dollar for each minute of tardiness. After the announcement of the fine, Mr. Chandler asked permission to be heard on why he was late. The district court granted permission and Mr. Chandler engaged in a lengthy explanation of why he was late. The explanation was to no avail because district court did not reconsider its fine.

On April 4, 1989, the district court issued a written order imposing the fine on Mr. Chandler. The written order makes clear that the district court was angered not only by Mr. Chandler's tardiness, but also by previous conduct, including the inadequacy of counsel who had stood in for Mr. Chandler during previous absences. On April 13, 1989, Mr. Chandler filed a motion with the district court for a hearing on his fine. When the district court denied that motion for a hearing, Mr. Chandler filed for an appeal.

■ Mr. Chandler's fine was clearly for criminal contempt because it was imposed for punitive purposes and did not serve to compensate an aggrieved party or coerce a future action. *See In re Jaques*, 761 F.2d 302, 305 (6th Cir.1985) (nature of a contempt citation is derived from totality of the circumstances). Before criminal contempt may be imposed, the accused party is entitled to the procedural safeguards of Fed.R.Crim.P. 42. Rule 42(a) provides for summary criminal contempt proceedings where the proceeding is accompanied by an order reciting the relevant facts and certifying that the conduct was committed in the presence of the court.

■ As a reviewing court, we analyze the substance of a criminal contempt citation in light of the following factors: (1) the conduct must constitute misbehavior under 18 U.S.C. § 401(1); (2) the misbehavior must amount to an obstruction of the administration of justice; (3) the conduct must occur in the court's presence; and (4) there must be a form of intent to obstruct. *Vaughn v. City of Flint*, 752 F.2d 1160, 1167 (6th Cir.1985). The Fifth Circuit has stated:

A lawyer's failure to attend court is not a contempt in the presence of the court. Although the facts of absence and the scheduling of the hearing are within the

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

knowledge and presence of the court, absence alone is not contempt. Contempt results only from the lack of a good reason for the lawyer's absence. No contempt has been committed if the absence is excusable because it was occasioned by good cause.

*United States v. Onu,* 730 F.2d 253, 255–56 (5th Cir.1984). We agree with *Vaughn* that absence alone cannot be contempt. A court cannot know the intent of the absent attorney unless the court knows why the attorney was absent. Similarly, tardiness alone cannot be contempt. The court must learn why the attorney was late in order to determine whether the attorney had criminal intent.

■ We are troubled by the imposition of criminal contempt in this case for both procedural and substantive reasons. Addressing the procedural reasons first, the contempt was inappropriately imposed in summary fashion. Fed.R.Crim.P. 42(a). Rule 42(a), which governs the summary imposition of criminal contempt, states, "A criminal contempt may be punished summarily if the judge certifies that the judge saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court." *Id.* In this case, the court could not have heard the conduct constituting contempt because the court could not know why the attorney was late until the attorney arrived. As a result, the alleged contempt was inappropriate for summary disposition.

■ Yet the court imposed the contempt citation in summary fashion under Rule 42(a), not after a notice and a hearing as required by Rule 42(b). Fed.R.Crim.P. 42. Before Mr. Chandler asked to give an explanation, the court stated, "So let the record reflect that Mr. Chandler is fined ninety-five dollars for being late." The court's decision to listen to Mr. Chandler's explanation for his lateness does not constitute notice and hearing under Rule 42(b), when the court already had decided to find Mr. Chandler in contempt. Indeed, it is apparent from the record that if Mr. Chandler had not asked to be allowed to give an

explanation, the court would not have asked for one.

■ Turning to the substantive merits, Mr. Chandler's explanation of why he was late does not warrant a finding that he possessed the requisite intent to commit criminal contempt. In order to be guilty of criminal contempt, the defendant must have engaged in his conduct with a willfulness that "implies a deliberate or intended violation, as distinguished from an accidental, inadvertent or negligent violation." *TWM Mfg. Co. v. Dura Corp.,* 722 F.2d 1261, 1272 (6th Cir.1983) (Brown, J.) (reversing judgment of contempt after a hearing under Rule 42(b) because the party had relied in good faith on the advice of the party's attorney), *citing Falstaff Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 770, 782 (9th Cir.1983). Although Mr. Chandler knew about the hearing in federal court, he stated to the court, when he finally arrived and later in his affidavit, that he did not know of the conflict between the federal court hearing and the state court hearing until the morning of the hearings. Even after Mr. Chandler discovered that he had two hearings on the morning of March 30, 1989, he went early to the state court hearing to attempt to get permission to leave to go to the federal court hearing. When the state court denied permission to leave, Mr. Chandler was left with no choice but to find a substitute for one of the hearings. His failure to do so was an error, but it was not a willful error. We do not imply that Mr. Chandler intentionally brought on this dilemma in order to avoid the federal court hearing. *Cf. United States v. Bryan,* 339 U.S. 323, 330–31, 70 S.Ct. 724, 730, 94 L.Ed. 884 (1950). In this case, Mr. Chandler's choice to be late to the federal court hearing hardly represents a deliberate or intentional violation of the requirement to appear on time.

In reversing the judgment of the district court, we do not mean to condone the tardiness of Mr. Chandler or to undermine the district court's authority to ensure order and respect. Nor do we wish to dilute the strength of the district court's admonishments to Mr. Chandler to arrange his

schedule more effectively. We simply hold that the fine for contempt was imposed without adequate procedural protection under Rule 42, and that the evidence was insufficient to support a finding of criminal contempt, without a finding of fact by the district court that it did not believe Mr. Chandler's explanation for his tardiness was adequate.

The judgment of the district court is vacated and the case is remanded.