**In re Walter J. LAWRENCE, Debtor.**

**Bankruptcy Nos. NK 89–04070, NK 90–84886 and NK 91–80548.**
**No. 1:92–CV–384.**

United States District Court,
W.D. Michigan, S.D.

Nov. 18, 1993.

---

Edith A. Landman, Asst. U.S. Atty., Michael H. Dettmer, U.S. Atty., Grand Rapids, MI, for party of interest.

Walter J. Lawrence, pro se.

## OPINION

BENJAMIN F. GIBSON, Chief Judge.

Before the Court is the Debtor's Objections to Order on Contempt Proceedings

Contested Matters by Bankruptcy Rule 9014. This Memorandum will be published.

Pursuant to B.R. 9033. On March 19, 1992, the Honorable David E. Nims, Jr., United States Bankruptcy Judge, issued a Notice on Contempt Proceedings to Walter J. Lawrence pursuant to Federal Rule of Bankruptcy Procedure 9020(c) to determine whether Lawrence should be held in criminal contempt of court. The 31–page Notice stated that Lawrence failed to pay various sanctions, violated an order not to file additional bankruptcy petitions until disposition of his pending bankruptcy appeals, and continually harassed the United States courts.

On April 9, 1992, the bankruptcy court conducted a hearing on the Notice. Lawrence appeared, as did the United States Trustee Attorney Advisor Dean Rietberg, the State of Michigan by an Assistant Attorney General, Elizabeth Kuntz by her attorney Mary K. Viegelahn–Hamlin, and the Chapter 13 Trustee Joseph A. Chrystler. Judge Nims was present as judge and also purportedly pursuant to a subpoena to appear as a witness. However, Judge Nims did not allow himself to be called as a witness and tendered to Lawrence his witness fee. No individual appeared in the designated role of prosecutor. Testimony was presented and arguments were heard.

On April 15, 1992, the bankruptcy court entered an Order on Contempt Proceedings ("Order") purporting to find Lawrence guilty of contempt of court. The Order characterized the contempt as criminal. It further anticipated that Lawrence would file objections to the Order and, therefore, did not impose sanctions. However, the bankruptcy court recommended that any sentence that Lawrence might receive should include incarceration with probation and restitution for payment of outstanding sanctions.

On April 27, 1992, Lawrence filed his Debtor's Objections to Order on Contempt Proceedings Pursuant to B.R. 9033. Lawrence objected to the sufficiency of the evidence, the nondisinterested character of the bankruptcy court as the trier of fact, the lack of the bankruptcy court's jurisdiction to hear a criminal contempt proceeding, and the inadequacy of the notice under Federal Rule of Bankruptcy 9020. On June 1, 1992, the United States Trustee Attorney Advisor Dean Rietberg filed the Response of the United States Trustee to Debtor's Objections to Order on Contempt Proceedings Pursuant to B.R. 9033.

On May 25, 1993, this Court conducted a hearing on the Objections. Lawrence and United States Assistant Attorney Edith Landman appeared.[1] After consideration of Lawrence's objections to the Order and argument from both parties, this Court ordered them to brief the issues of jurisdiction, procedural defects, and double jeopardy implicated in the proceeding below.

Lawrence's major objection is that bankruptcy courts have no criminal contempt power because no statute gives them that power. Further, Lawrence argues that any statute purporting to grant criminal contempt powers would violate the Constitution by impermissibly delegating the judicial power of the United States to non-Article III judges. The Circuits are split on the statutory basis for the bankruptcy court's criminal contempt jurisdiction. The Fifth Circuit in *In re Hipp, Inc.*, 895 F.2d 1503, 1511 (5th Cir.1990), held that bankruptcy courts have no statutory basis for criminal contempt power as to contempt not committed in their presence. The Ninth Circuit held in *In re Sequoia Auto Brokers Ltd., Inc.*, 827 F.2d 1281 (9th Cir.1987), that bankruptcy courts have no statutory basis for civil contempt power. The Fourth Circuit in *In re Walters*, 868 F.2d 665 (4th Cir.1989), and the Tenth Circuit in *In re Skinner*, 917 F.2d 444 (10th Cir.1990), held that Title 11 United States Code Section 105 gives bankruptcy courts civil-contempt power. The Eighth Circuit in *In re Ragar*, 3 F.3d 1174 (8th Cir.1993), held that it also gives bankruptcy courts criminal contempt power.

The Sixth Circuit has not ruled on this issue yet. However, it did favorably cite to *Hipp* in *In re Baker & Getty Financial Services, Inc.*, 954 F.2d 1169, 1173–74 (6th Cir.1992), for the holding in *Hipp* that no

---

1. The United States Attorney did not appear in the bankruptcy proceeding, but did appear before this Court after it was informed of the matter and indicated that it intended to prosecute this matter as a criminal contempt under Title 18 United States Code Section 401(3).

implied grant of criminal contempt power exists where Congress has not explicitly granted it. In *Baker*, the Sixth Circuit determined that it would not imply a bankruptcy court's authority to conduct a jury trial where the relevant statute did not reflect any such congressional intent. 954 F.2d at 1173. This Court finds the Sixth Circuit's implicit endorsement of *Hipp* controlling of its disposition of this matter.

The Court notes that Federal Rules of Bankruptcy 9022 [2] and 9033 [3] plainly provide a *procedure* for both civil and criminal contempt hearings before the bankruptcy court upon notice by a judge and a *de novo* review upon the record by a district court of a bankruptcy court's findings of fact and conclusions of law.[4] However, it is not clear, in light of *Sequoia* and *Hipp*, that Federal Rules of Bankruptcy 9022 and 9033 provide *jurisdiction* for a bankruptcy court's civil and criminal contempt powers.

The Court acknowledges that it is necessary or appropriate for the court to enforce its own orders. Title 11 United States Code Section 105(a) provides:

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The bankruptcy court could very reasonably construe Title 11 United States Code Section 105(a) as a clear delegation of authority from Congress to do what it did as necessary or appropriate to carry out the provisions of Title 11. However, the Court also recognizes that, as the Fifth Circuit stated in *Hipp*, that "criminal contempt is not 'necessary or appropriate to enforce or implement' the court's rules or orders, but is instead intended to vindicate the authority of the court." 895 F.2d at 1515.

After a thorough review of the record, objections, briefs, and its own independent

---

**2.** Rule 9020 provides in part:
(b) Other contempt
Contempt committed in a case or proceeding pending before a bankruptcy judge, except when determined as provided in subdivision (a) of this rule, may be determined by the bankruptcy judge only after a hearing on notice. The notice shall be in writing, shall state the essential facts constituting the contempt charged and describe the contempt as criminal or civil and shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense. The notice may be given on the court's own initiative or on application of the United States attorney or by an attorney appointed by the court for that purpose. If the contempt charged involves disrespect to or criticism of a bankruptcy judge, that judge is disqualified from presiding at the hearing except with the consent of the person charged.
(c) Service and effective date of order; review
The clerk shall serve forthwith a copy of the order of contempt on the entity named therein. The order shall be effective 10 days after service of the order and shall have the same force and effect as an order of contempt entered by the district court unless, within the 10 day period, the entity named therein serves and files objections prepared in the manner provided in Rule 9033(b). If timely objections are filed, the order shall be reviewed as provided in Rule 9033.

**3.** Bankruptcy Rule 9033 provides in part:

(b) Objections: time for filing
Within 10 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection. A party may respond to another party's objections within 10 days after being served with a copy thereof. A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record, or such portions of it as all parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge otherwise directs.
. . . .
(d) Standard of review
The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

**4.** This is similar to the procedure where a magistrate judge prepares a report and recommendation under Title 28 United States Code Section 636.

76

research, this Court is persuaded by the reasoning in *Hipp* and the Sixth Circuit's apparent endorsement of *Hipp* in *Baker*. Consequently, this Court decides this very close question and holds that, as a matter of law, the bankruptcy court did not have jurisdiction to conduct the criminal contempt hearing and enter its order. Accordingly, applying the standard of review provided in Federal Rule of Bankruptcy 9033(d) to Lawrence's objection, this Court rejects the bankruptcy court's Order because the bankruptcy court lacked jurisdiction to do so.[5] The Court does not decide any other issue raised in or related to Lawrence's objections to the Order.

### ORDER

In accordance with the Opinion issued this date,

IT IS HEREBY ORDERED that the Court REJECTS the bankruptcy court's Order on Contempt Proceedings in which it determined that Lawrence was guilty of criminal contempt of court.

IT IS FURTHER ORDERED that this matter is DISMISSED.

IT IS FURTHER ORDERED that debtor's motion to dismiss charges is DISMISSED as moot.

IT IS SO ORDERED.

---

**5.** The Court notes that on November 12, 1993, Lawrence filed a Debtor's Motion to Dismiss Charges. In view of this present opinion, the motion is moot.