The court also directs the clerk to close this adversary proceeding file.

**In re Paula LICKMAN, Debtor.**

**Marie E. Henkel, Trustee, Plaintiff,**

**v.**

**Paula Lickman et al., Defendants.**

**Bankruptcy No. 98–02632–6C7.**
**Adversary No. 01–170.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Jan. 17, 2003.

Lynnea Concannon, Esquire, and Sean D. Concannon, Esquire, Orlando, FL, for Plaintiff.

Marie E. Henkel, Orlando, FL, Chapter 7 Trustee.

Gerald J. D'Ambrosio, Esquire, Boca Raton, FL, for Defendant.

### ORDER DIRECTING CLERK TO TRANSMIT CONTEMPT MATTER TO THE DISTRICT COURT

C. Timothy CORCORAN, III,
Bankruptcy Judge.

This adversary proceeding came on for consideration of the plaintiff's motion for order of contempt filed on November 27, 2002 (Document No. 128 and its exhibits, Document No. 136).

In the motion, the plaintiff seeks an order holding the defendants, Paula Lickman and James F. Wiley, III, in contempt of this court for their failure to comply with the provisions of this court's Final Order on Plaintiff's Motion for Sanctions for Violation of Preliminary Injunction entered on August 19, 2002 (Document No. 103). That final order was based upon the court's Decision of Plaintiff's Motion for Sanctions for Violation of Preliminary Injunction that the court entered at the same time (Document No. 102), reported as *Henkel v. Lickman (In re Lickman)*, 282 B.R. 709 (Bankr.M.D.Fla.2002).

In that final order, the court found that the defendants, Lickman and Wiley, had willfully violated the provisions of this court's Agreed Preliminary Injunction entered on August 13, 2001 (Document No. 26), reported at *Lickman*, 282 B.R. at 723–24. Accordingly, the court ordered the defendants to pay $5,670 to the plaintiff within 30 days as sanctions to reimburse the bankruptcy estate for its costs and expenses occasioned by the defendants' violations; ordered the defendants to withdraw and voluntarily dismiss within ten days the pleadings and papers filed in other courts that the court found to violate the Agreed Preliminary Injunction; and ordered each defendant to pay a coercive sanction, commencing on the 10th day after the entry of the order, of $100 for each day that the defendant had not withdrawn and voluntarily dismissed the papers.

The defendants took appeals from the court's final order (Documents Nos. 105, 106, and 112), but neither defendant sought or obtained a stay of the court's final order pending appeal.

As to the plaintiff's motion for order of contempt, the court ordered the defendants to file and serve responses (Document No. 133), and the defendants timely responded (Documents Nos. 145 and 146). In their responses, the defendants admit that they have not paid the $5,670 reimbursement sanction, but allege they are financially unable to pay. The defendants also admit that they have not withdrawn and voluntarily dismissed the papers the court ordered them to withdraw, but they allege they are not required to do so in the circumstances.

In the motion for order of contempt, the plaintiff seeks to hold the defendants in contempt and to punish them for their failures to comply with the court's August 19, 2002, final order.

The contempt powers of the bankruptcy court raise knotty questions. The cases considering the issue sometimes suggest that, as an Article I court, the bankruptcy court has civil contempt powers but does not have criminal contempt powers, at least for contempts committed outside the presence of the court. *See, e.g., Griffith v. Oles (In re Hipp, Inc.)*, 895 F.2d 1503, 1509 (5th Cir.1990); *In re Lawrence*, 164 B.R. 73, 75–76 (W.D.Mich.1993). *See also* F.R.B.P. 9020, Committee Note to 1987 Amendments ["This rule, as amended, recognizes that bankruptcy judges may not have the power to punish for contempt."].

Yet, the cases offer few bright lines as to what constitutes criminal contempt and what constitutes civil contempt.

■■■ The cases nevertheless seem to agree that the bankruptcy court does have the ability to sanction those who violate its orders if the sanction imposed is designed to compensate the party in whose favor the court's order ran for the harm caused by the offending party. *See, e.g., Jove Engineering, Inc. v. Internal Revenue Service,* 92 F.3d 1539, 1559–60 (11th Cir. 1996)[harmed party may receive attorney's fees for offending party's civil contempt]; *In re Mroz,* 65 F.3d 1567, 1575 (11th Cir.1995)[awarding attorney's fees for civil contempt]. The cases also seem to agree that this court has the ability to impose sanctions designed to coerce compliance with its orders. *See, e.g., Lawrence v. Goldberg (In re Lawrence),* 279 F.3d 1294, 1297 (11th Cir.2002)[bankruptcy court has civil contempt power to enforce turnover order]; *Jove Engineering,* 92 F.3d at 1557–59 [discussing coercive purpose of civil contempt]. What this court does not have the power to do, the cases seem to agree, is to use the contempt sanction as punishment for violating the court's orders. *Jove Engineering,* 92 F.3d at 1558 [distinguishing punitive aspect of contempt as "punitive and criminal if it is imposed retrospectively for a completed act of disobedience", *quoting International Union v. Bagwell,* 512 U.S. 821, 828, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994) ].

In this case, the court has already entered an order sanctioning these defendants. The court's sanctions compensated the plaintiff for the harm caused by the defendants in violating the court's Agreed Preliminary Injunction and coerced compliance with the court's orders. The plaintiff alleges that the defendants have failed to comply with the court's sanction order and continued to violate the Agreed Pre-liminary Injunction. The plaintiff now seeks to punish these defendants for these actions. Although the defendants admit much of what the plaintiff alleges, the defendants raise defenses that present clear fact issues requiring determination.

■■ As the cited authorities reflect, this court does not have the power to grant the relief requested by the plaintiff. The district court, however, plainly does have that power. Accordingly, the court hereby directs the clerk to transmit promptly this matter to the district court for its consideration of the issues raised in the plaintiff's motion for order of contempt and the defendants' responses.

The clerk has already transmitted to the district court comprehensive records in connection with appeals noticed by the defendants from the court's August 19, 2002, final order. Those appeals have been consolidated in the district court as Case No. 6:02–CV–1492–ORL–31–JGG. In addition, the clerk has also transmitted to the district court the record in connection with the defendants' appeals of the court's Final Order on Debtor/Defendant's Motion to Dissolve Injunction entered on December 12, 2002 (Documents Nos. 131, 137, and 139), reported as *Henkel v. Lickman (In re Lickman),* 286 B.R. 821 (Bankr. M.D.Fla.2002). Those appeals have been assigned the following case numbers in the district court:

Case No. 6:03–CV–58–ORL–28–JGG

Case No. 6:03–CV–59–ORL–31–DAB

The issues in these appeals are directly related to the issues in plaintiff's motion for contempt.

Because most—if not all—of the documents in the court file relating to the plaintiff's motion for order of contempt are already pending in the district court in those records on appeal and to avoid unnecessary and wasteful duplication, the

clerk is directed to transmit to the district court in connection with this matter only the following papers that are not already there:

| DOCKET NO. | DATE | DOCUMENT |
|---|---|---|
| – | – | Certified copy of the docket in this adversary proceeding |
| 150 | 1/17/03 | This order: Order directing clerk to transmit contempt matter to the district court |
| 123 | 10/23/02 | Verified motion filed by Trustee for order to show cause |
| 125 | 10/30/02 | Order denying motion for order to show cause |
| 128 | 11/27/02 | Motion by plaintiff for order of contempt |
| 130 | 12/11/02 | Motion by defendant Paula Lickman to strike motion for order of contempt |
| 132 | 12/12/02 | Order on defendant Lickman's motion to strike plaintiff's motion for order of contempt |
| 133 | 12/12/02 | Order directing response to order of contempt |
| 136 | 12/16/02 | Notice of filing Exhibits A–E to motion for order of contempt |
| 140 | 12/23/02 | Motion by defendant Daniels to extend time to respond to plaintiff's motion for contempt |
| 144 | 12/30/02 | Order granting motion by defendant Daniels for extension of time |
| 145 | 1/6/03 | Response by defendant James Wiley to motion for order of contempt |
| 146 | 1/6/03 | Motion by defendant Lickman for disqualification and response to motion for contempt |
| 149 | 1/17/03 | Order denying second motion for disqualification filed by debtor/defendant |

In addition, the clerk shall include in the transmittal any other document from the court file designated by a party within ten days of the date of the entry of this order.