fine to a charity of the attorney's choice or to the clerk's office to be used for expenses associated with the jury (e.g. coffee, donuts and newspapers), which necessarily increase when proceedings are delayed.

Certainly, many have complained about the growing lack of civility and professionalism among attorneys both in and out of court. Courts, no doubt, vigilantly preserve respect and decorum. Rather than advocate a single approach to this problem which presents itself in numerous forms, courts should be aware of the options available to them.[1] Hence in situations where a criminal contempt order may be too strong, courts still have other means to maintain the dignity of the court and respect for all parties present.

The order is vacated and the case is remanded for proceedings consistent with this opinion.

---

[1] By listing some options available to district courts here, we do not intend to imply that other sanctions should not be used. The list here is suggestive but not exclusive.

---

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0076P (6th Cir.)
File Name: 03a0076p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re: M. DIANNE SMOTHERS,
*Petitioner-Appellant.*

No. 01-5081

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 00-01016—James D. Todd, Chief District Judge.

Argued: December 10, 2002

Decided and Filed: March 12, 2003

Before: MARTIN, Chief Circuit Judge; DAUGHTREY, Circuit Judge; O'MALLEY, District Judge.[*]

_____

**COUNSEL**

**ARGUED:** Stephen B. Shankman, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant. **ON BRIEF:** Stephen B. Shankman, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant.

---

[*] The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio sitting by designation.

—————————

**OPINION**

—————————

BOYCE F. MARTIN, JR., Chief Circuit Judge. M. Dianne Smothers appeals her citation for criminal contempt in the United States District Court for the Western District of Tennessee and the denial of her motion for reconsideration. For the following reasons, we vacate the order and remand for proceedings consistent with this opinion.

Smothers is an Assistant Federal Defender for the Western District of Tennessee who initially appeared "shortly" after the 9:00 a.m. court starting time in October 2000. Smothers was asked to explain her tardiness, and she responded that she thought court started at 9:30 a.m. The court stated that this reason was not sufficient and imposed a ten dollar fine. The court then suspended the fine conditioned on Smothers's future good conduct.

Two weeks later Smothers arrived eight minutes late for an ongoing criminal trial. When asked by the court to explain her tardiness, Smothers stated that because she thought that the jury arrived at 9:00 a.m., she thought that she would not have to be there until 9:30 a.m. The district court did not find this a satisfactory explanation and this time imposed the suspended fine and entered an order of contempt that provided in part:

> Therefore, because of the failure of Ms. Smothers to appear at the appointed time, and because of her failure to offer a satisfactory explanation for her tardiness, Ms. Smothers is found to be in contempt of court. A fine of $10.00 is imposed.
>
> Pursuant to Federal Rule of Criminal Procedure 42, this is to certify that the undersigned observed this conduct and that it was committed in the actual presence of the court.

As the district court rightly notes, Smothers's "tardiness resulted in a waste of time for fourteen jurors, one opposing counsel, the defendant, one court reporter, one case manager, numerous witnesses, and one judge." Courts cannot operate in a cost-effective manner if counsel does not appear on time. Logic dictates that courts use a form of progressive discipline in the face of such transgressions. First, a lecture from the court regarding the importance and significance of being on time for scheduled appearances  is the mildest penalty. Obviously, this was done in Smothers's case without success; it was not until her second episode of tardiness that the court entered a contempt order. If such a lecture is not successful in correcting the problem initially,  as it was not here, a court can involve the offending attorney's office management or partnership. An apology on the record and in front of the jury can also be required.

Courts also have the option of recommending to the appropriate bar association that the attorney be subject to disciplinary action such as a public reprimand. Such a recommendation would encourage state bar associations to assert their natural role and allow the attorney to be reprimanded by peers without the powerful stigma of an order of criminal contempt.

With the advent of the internet, a public reprimand directly by the court is also a viable option. All federal courts have embraced the internet, though some with more success than others. Disciplinary postings can be placed on a page associated with the court's website. The appropriate public posting might list the attorney's name, details of the misconduct, and the court's disapproval.

Finally, the imposition of a fine unaccompanied by a formal sanction could be used. District judges routinely impose monetary penalties for tardiness without resorting to a finding of criminal contempt. The amount of the penalty may be based upon the length of the delay or the cost to the court from such delay. Where a non-criminal monetary penalty is imposed, the district judges may direct the attorney to pay a

752 F.2d 1160, 1168 (6th Cir. 1984). Fourth, when the situation is not "exceptional," thus falling under the procedure outlined in Rule 42(b), the requirements of this rule must be followed. *See In re Chandler,* 906 F.2d at 250. Noting all of these elements, a court must keep in mind that the judicial contempt power is "shielded from democratic controls" and hence should be exercised with restraint and discretion. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980); *see also Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 450-451 (1911).

Applying the law to Smothers's case, it is clear that the proper notification requirements of Rule 42(b) were not followed. The court never provided Smothers notice stating the time and place of the hearing, a reasonable time to prepare a defense, or a statement listing the essential facts constituting the criminal contempt charge. For this failure alone, we must vacate the order of the district court. As for the issue of criminal intent, we decline to rule on this issue, recognizing that the district court is in the best position to make this determination.

Though vacating the criminal contempt order, we do realize the difficult position in which a district court is placed when confronted by conduct like Smothers's. Nevertheless, there are penalties, other than criminal contempt, that more appropriately fit that conduct. Federal courts have inherent powers necessary for them to function as an institution. *Chambers v. Nasco*, 501 U.S. 32 ,43 (1991); *see also Hadix v. Johnson*, 144 F.3d 925, 937 (6th Cir. 1998). "Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers*, 501 U.S. 32 ,43 (1991) (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227 (1821)). Hence, when confronted with actions that may not fall within the court's contempt power, this inherent power to maintain respect and decorum grants courts the flexibility to equitably tailor punishments that appropriately fit the conduct.

The language in the contempt order's second paragraph stating that the district court "observed this conduct" indicates that the district court found Ms. Smothers guilty of criminal contempt under Federal Rule of Criminal Procedure 42(a). This rule states in part, "A criminal contempt may be punished summarily if the judge certifies that the judge saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court." Fed. R. Crim. P. 42(a).

Ms. Smothers filed a motion for reconsideration arguing that the summary disposition of her case under Rule 42(a) was improper. In denying Smothers's motion for reconsideration, the district court clarified some aspects of its original contempt order. First, the court noted that it was now finding Smothers guilty of criminal contempt under Rule 42(b) because she had violated a specific court order with criminal intent. The court explicitly stated that it was applying a recklessness standard in determining that Smothers acted with criminal intent, reasoning that a second instance of tardiness, in light of a warning after the first instance, was sufficiently reckless to support a finding of criminal intent.

As the district court recognized in clarifying its original order, this Court has made clear that summary disposition of attorney tardiness under Rule 42(a) is inappropriate. Summary punishment for contempt under Rule 42(a) must only be used for "exceptional purposes." *See United States v. Mars*, 551 F.2d 711, 714 (6th Cir. 1976) (citing *Harris v. United States*, 382 U.S. 162 (1965)); *see also United States v. Delahanty*, 488 F.2d 396, 398 (6th Cir. 1973). "Absence alone cannot be contempt. . . . the court must learn why the attorney was late in order to determine whether the attorney had criminal intent." *In re Chandler*, 906 F.2d 248, 250 (6th Cir. 1990). In *United States v. Delahanty*, 488 F.2d at 387-98, we held that the reason for the attorney's absence is not something obvious to the court and therefore cannot fall under Rule 42(a).

Because Rule 42(a) does not apply to Smothers's conduct, the question before this court then is whether the district court appropriately followed Rule 42(b) in finding Smothers guilty of criminal contempt. Rule 42(b) states that criminal contempt

shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and described it as such. The notice shall be given orally by the judge in open court in the presence of the defendant, or on the application of the United States attorney or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest.

Hence, in order to find someone guilty of criminal contempt under Rule 42(b), these specific procedures concerning notice must be followed. The notice requirement upholds basic elements of due process. The Supreme Court has held that due process "requires that one charged with contempt of court be advised of the charges against him and have a reasonable opportunity to meet them by way of defense or explanation . . ." *In re Oliver,* 333 U.S. 257, 275 (1948); *see also North American Coal v. United Mine Workers of America*, 512 F.2d 238, 242 (6th Cir. 1975) (noting that the formidable contempt power is hedged by constitutional and statutory restrictions in protecting individuals from the arbitrary use of such powers). In *Downey v. Clauder*, 30 F.3d 681, 686 (6th Cir. 1994), we reversed an attorney's criminal contempt conviction for tardiness to court because he was convicted without being notified of the charges he faced. *See also North American Coal*, 512 F.3d at 244 (holding that Rule 42(b) was not complied with when notice was not provided to all the parties involved in the criminal contempt). We have also held that a court's decision to hear the reason why an attorney is late does not constitute notice under Rule 42(b). *See In re Chandler*, 906 F.2d at 250.

Granted, the Supreme Court has held that procedural violations of Rule 42(b) do not always require reversal if a defendant has actual knowledge of the real nature of the proceedings. *See United States v. United Mine Workers*, 330 U.S. 258, 297 (1947) (upholding the criminal contempt judgments against the Union and its president John L. Lewis, even though the district court did not follow the procedure of Rule 42(b)). In fact, one of our sister circuits has held that the contempt conviction of an attorney who failed to appear for trial because of conflicting duties could be sustained under Rule 42(b), despite the fact that the notice requirements of Rule 42(b) were not followed. *See United States v. Onu*, 730 F.2d 253, 255-56 (5th Cir. 1984). Nevertheless, the law in this circuit is clear: Smothers's situation does not fall under Rule 42(a), and the notice requirements of Rule 42(b) must be followed.

Rule 42(b) dictates that the substantive law of criminal contempt be followed before a contempt sanction may be imposed. The law governing the court's ability to punish Smothers's conduct is 18 U.S.C. § 401(3). This section grants federal courts the power to punish when there is "disobedience or resistance to its lawful writ, process, order, rule, decree or command." Criminal contempt is a public wrong, a crime in the ordinary sense. *See Bloom v. Illinois*, 391 U.S. 194, 201 (1968).

The following conditions must be met in order to sustain a criminal contempt conviction falling under this statute. First, the court's "writ, process, order, rule, decree or command" must be resisted or disobeyed 18 U.S.C. § 401(3). Second, the act of disobedience or resistance must be "a deliberate or intended violation, as distinguished from an accidental, inadvertent or negligent violation." *In re Chandler,* 906 F.2d at 250 (quoting *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1272 (6th Cir. 1983)). This requirement may still be "inferred if a lawyer's conduct discloses a reckless disregard for his professional duty." *Delahanty,* 488 F.2d at 398. Third, the "deliberate or intended" violation needs to be proved beyond a reasonable doubt. *Vaughn v. City of Flint*,