NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0382n.06

No. 17-4054

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 31, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| ROBERT LEE EVANS, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

Before: BATCHELDER, KETHLEDGE, and WHITE, Circuit Judges.

KETHLEDGE, Circuit Judge. Robert Lee Evans argues that the district court denied him due process and violated Criminal Rule 32.1 when it sentenced him to prison for violating the terms of his supervised release. We reject his argument and affirm.

In 2015, Evans pled guilty to wire fraud and to making false statements to a federal agent. *See* 18 U.S.C. §§ 1343, 1001(a)(2). The district court thereafter sentenced him to 24 months' imprisonment followed by three years' supervised release. Among other terms of his release, the court ordered Evans to make monthly restitution payments and to stay within the Northern District of Ohio.

In April 2017—about four months into his release—Evans wrote two checks for his first restitution payment, but the checks bounced. Four months later, Evans posted to his social-media account a photograph of a New York State toll receipt, and a video of Evans saying that he had

"just left New York to go to Ohio." Based in part on these incidents, Evans's probation officer filed two reports in the district court alleging that Evans had violated the terms of his release.

The district court appointed an attorney to represent Evans and—at Evans's request—held a hearing. The probation officer testified that Evans had not made any restitution payments. In addition, the officer described the photograph and video that Evans had posted online and noted that, on Evans's social-media account, they bore location tags from "Albany, New York." Evans's attorney then cross-examined the officer.

Evans testified next. He admitted that he had not paid restitution and that he had lost his money gambling at a casino, he said, trying to double his money so he could pay restitution. In the middle of Evans's testimony, his cell phone rang. At the court's direction, per the court's no-cellphone policy, the marshal then took the phone from Evans.

Evans continued his testimony, claiming that he had stayed in Ohio while his friend drove to New York in Evans's vehicle. According to Evans, he found his friend's toll receipt and posted the photograph and video to his social-media account—using a New York location tag—"for fun." Evans then said "I can show you. I have a few pictures that's tagged." His attorney interrupted him, saying "Well, I don't think we're at that point in this hearing right now." On cross-examination, the prosecutor played the video of Evans saying he had just left New York. Evans responded: "This is done all the time on [social media]. People post things saying they're places that they're not."

The court then stated that Evans had violated the terms of his supervised release by (among other things) failing to pay restitution and by travelling to New York. A few moments later, the court invited Evans to allocute. Evans told the court that he had been unable to pay restitution because he had been on medical leave from his job. Evans then asked for his phone back so he

could show the court what he said were two receipts for restitution payments. In response to questions from the court, however, Evans admitted that those alleged payments occurred after the officer had filed the violation report.

The court observed that "overwhelming" evidence showed that Evans had travelled to New York, and that Evans had possibly perjured himself by testifying otherwise. Evans then asked if he could use his phone to demonstrate how to fake a location tag on social media. The court refused, and sentenced Evans to 24 months' imprisonment followed by one year of supervised release. This appeal followed.

Evans argues that the district court denied him the process he was due under Criminal Rule 32.1. Since Evans did not raise this objection in the district court, we review the court's judgment for plain error. *See United States v. Brinley*, 684 F.3d 629, 635 (6th Cir. 2012).

Before a district court may revoke a defendant's supervised release, Criminal Rule 32.1 requires (in relevant part) that the court give the defendant "an opportunity to appear, present evidence, and question any adverse witness[.]" Fed. R. Crim. P. 32.1(b)(2)(C). In addition, that rule requires the court to give the defendant "an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2)(E).

Here, Evans appeared in a formal hearing to contest the government's allegations that he had violated the terms of his release. He presented evidence, and himself testified. His attorney also questioned the government's witness, namely the probation officer. During allocution, Evans made a statement presenting information that he had paid some restitution and that he had not left Ohio. Thus Evans received all the process he was due under Criminal Rule 32.1.

Yet Evans argues that the court plainly erred under Rule 32.1 by refusing to let him use his phone to present evidence (*i.e.*, that he had made two post-violation restitution payments and that

he had the ability to fake location tags on social media). To establish plain error, Evans must show—among other things—an error "that is clear or obvious under current law." *See United States v. Coleman*, 627 F.3d 205, 211 (6th Cir. 2010).

Evans had an adequate opportunity to present evidence at the hearing. And he could have used that opportunity to present evidence from his phone in a variety of ways. For instance, before the hearing began, Evans could have printed out any receipts he had on his phone and introduced them into evidence as documents. Or he could have asked for a continuance to print them out. He also could have filed a motion seeking permission to use his phone as a demonstrative aid during the hearing. Or he could have called an expert to testify about editing a location tag on social media.

Evans did none of those things. Instead, he ignored the court's rule prohibiting cell phones in the courtroom—a rule common to many federal courts nationwide. *See, e.g.*, General Order No. 2009-21a ¶ 6 (N.D. Ohio, Mar. 9, 2010). The court also made clear through questioning that the alleged receipts on Evans's phone were irrelevant because they came after the violations at issue here. And the court otherwise acted within its power to control the courtroom when it seized the phone and later declined to allow Evans to use it as a demonstration during allocution. *See In re Smothers*, 322 F.3d 438, 442 (6th Cir. 2003). Thus the district court made no plain error when it refused to return Evans's phone during the hearing.

The district court's judgment is affirmed.