UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

G. WILLIAM BILLS, JR.,
Appellant,

v.                                                          No. 00-2391

UNITED STATES OF AMERICA,
Respondent.

Appeal from the United States District Court
for the Northern District of West Virginia, at Clarksburg.
Irene M. Keeley, Chief District Judge.
(CA-00-25)

Submitted: May 29, 2001

Decided: June 12, 2001

Before WILLIAMS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed as modified by unpublished per curiam opinion.

_____

**COUNSEL**

G. Williams Bills, Jr., Appellant Pro Se. Samuel Gerald Nazzaro, Jr.,
Assistant United States Attorney, Wheeling, West Virginia, for
Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

G. William Bills appeals the district court's order imposing sanctions against him for failing to appear at his client's sentencing hearing on October 3, 2000, for which purpose he had previously been admitted pro hac vice pursuant to Rule 2.02 of the Local Rules for the United States District Court for the Northern District of West Virginia. Those sanctions included a fine of $500 and a prohibition against Bills ever practicing again before the United States District Court for the Northern District of West Virginia.* On appeal Bills challenges both the basis for the district court's imposition of sanctions and the scope of its prohibition against his future appearances before the federal courts of the Northern District of West Virginia.

Federal courts have the inherent authority to control admission to their bars and to discipline attorneys who appear before them. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (citing Ex parte Burr, 22 U.S. (9 Wheat.) 529, 531 (1824)). In particular, courts may impose both monetary penalties and disbarment without a finding of contempt, as adjuncts to this inherent power. See Ex parte Robinson, 86 U.S. (19 Wall.) 505, 512 (1873) (disbarment); Kleiner v. First Nat'l Bank of Atlanta, 751 F.2d 1193, 1209 (11th Cir. 1985) (monetary penalties). Furthermore, an admission pro hac vice is a privilege, the granting of which we have found to be "a matter of grace resting in the sound discretion of the presiding judge." Thomas v. Cassidy, 249 F.2d 91 (4th Cir. 1957). Consequently, although a court may punish an attorney's failure to appear as an act of criminal contempt, United States v. Nunez, 801 F.2d 1260, 1263 (11th Cir. 1986), in light of a court's inherent power to discipline attorneys appearing before it, such a finding is not a necessary predicate to the imposition of the types of sanctions at issue here.

In the context of that authority, the district court was within its discretion to impose a fine and to preclude Bills from appearing before it again as a result of Bills' failure to appear at his client's sentencing

_____
*The district court sent a letter to the Pennsylvania Bar Association Attorney Disciplinary Board informing it of this order.

2

hearing. See Baldwin Hardware Corp. v. Franksu Enter. Corp., 78 F.3d 550, 561-62 (9th Cir. 1996); Kleiner, 751 F.2d at 1209. However, to the extent the district court's order may have been intended, or may be interpreted, as a categorical bar to Bills ever appearing before another federal court in the Northern District of West Virginia, such an order is overly broad, for two reasons. First, we conclude that an order of such scope unnecessarily intrudes upon the prerogative of other courts in that district to admit attorneys pro hac vice. Second, such a ban is incompatible with the rules regarding pro hac vice admissions in that district, as attorneys generally are required only to note a disciplinary action against them during the past two years, rather than foreclosed altogether from seeking such an admission as a result of a disciplinary action. See U.S. Dist. Ct. Rules, N.D.W. Va. L.R. Gen. P. 2.02 (incorporating W. Va. R. Admis. 8.0); see also Baldwin Hardware, 78 F.3d at 562.

Accordingly, although we affirm the district court's imposition of a fine and preemptive order barring Bills from ever again seeking admission pro hac vice before the court below, to the extent the court's order also imposes a blanket prohibition precluding Bills from ever seeking admission before other courts of that district, we modify that order to instead require Bills to attach a copy of the order to all future pro hac vice applications Bills submits to the United States District Court for the Northern District of West Virginia. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED AS MODIFIED

3