# United States Court of Appeals
## For the First Circuit

No. 10-1611

UNITED STATES OF AMERICA,

Appellee,

v.

JOSÉ ROMERO-LÓPEZ,

Defendant,

JORGE L. ARMENTEROS-CHERVONI,

Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco  A. Besosa, U.S. District Judge]

Before

Lynch, Chief Judge,
Torruella and Thompson, Circuit Judges.

Juan F. Matos de Juan for appellant.
Maritza González-Rivera, Assistant United States
Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States
Attorney, Nelson Pérez-Sosa, Chief, Appellate Division, and Thomas
F. Klumper, Assistant United States Attorney, were on brief, for
appellee.

November 16, 2011

**LYNCH**, <u>Chief Judge</u>.   Attorney Jorge L. Armenteros-Chervoni was sanctioned by the district court, under its inherent powers, in the amount of $1,500 for failing to appear at the rescheduled sentencing hearing for his client, a criminal defendant.  We affirm the issuance of the sanction, but reduce the amount.

The sentencing hearing was initially scheduled for 4:30 P.M. on Wednesday, May 12, 2010, but on the afternoon of Monday, May 10, the district court advanced the hearing to 9:30 A.M., and gave electronic notice of the change.  Prior notices and filings in the case used the electronic case filing system.  The attorney did not appear at the hearing.  The same day, the district court imposed the $1,500 sanction.

The attorney filed a motion for reconsideration, claiming that he was unaware of the change in the hearing time as both he and his secretary had been out of the office since Monday afternoon and neither of them had checked their email for electronic notifications.  This motion also, unwisely, made remarks critical of the district court, such as "the Court is not respecting the attorneys to the extent that it unilaterally changes dates or times without consulting attorneys' calendars," and characterized the schedule changes as a violation of the Due Process Clause.  This motion was denied and the attorney has appealed.

In an effort to take advantage of the procedural requirements before criminal contempt can be imposed, the attorney argues on appeal (but did not so argue before the district court) that the sanction imposed by the district court was a criminal contempt sanction. As a result, he argues, the district court was required to follow the procedures outlined in Rule 42, Fed. R. Crim. P. He contends that because these procedures were not followed, the sanctions were improperly imposed.

We reject the attorney's characterization of the sanction as criminal contempt, and bypass the waiver for failing to raise the issue in the district court. His argument is based on a flawed premise: that because the district court's sanction was not a civil contempt sanction, as it did not seek to "modify[] [his] behavior to conform to the terms required in the [court's] order," as is typically the case in a civil contempt, it must have been a criminal contempt sanction, imposed "retrospectively for a completed act of disobedience, such that the contemnor cannot avoid or abbreviate the [sanction] through later compliance." Int'l Union, United Mine Workers v. Bagwell, 512 U.S. 821, 828-29 (1994) (internal citations and quotation marks omitted). This premise of a dichotomy is "demonstrably mistaken" because there exists a third category of "punitive non-contempt sanctions," based on a court's inherent power to regulate itself. United States v. Kouri-Perez, 187 F.3d 1, 7 (1st Cir. 1999). This power "is inherent in all

-3-

courts," as such power is "necessary to the exercise of all others."  Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991) (internal citations and quotation marks omitted).

While the district court did not expressly state that this was an inherent-power sanction, that is what it was.  First, there was no formal finding of "contempt," which would "connote[] the highest level of censure against counsel."  Kouri-Perez, 187 F.3d at 8.  Rather, the district court "admonished" the attorney.  Second, there was no indication the court thought the "conduct . . . bespeaks a criminal mens rea," as is required for a criminal contempt sanction.  Id.  Third, the court's act of sanctioning an attorney for failing to appear falls squarely within its recognized inherent power "to discipline attorneys who appear before it."  Chambers, 501 U.S. at 43, see also In re Smothers, 322 F.3d 438, 443 (6th Cir. 2003) ("District judges routinely impose monetary penalties for tardiness without resorting to a finding of criminal contempt.").  "We review a court's imposition of sanctions under its inherent power for abuse of discretion." Chambers, 501 U.S. at 55.

The district court did not abuse its discretion in imposing a sanction.  Attorneys have an obligation to remain informed about the status of their cases and comply with applicable scheduling orders issued by the court.  See, e.g., Rosario-Diaz v. Gonzalez, 140 F.3d 312, 314 (1st Cir. 1998) (parties are "fully

chargeable with knowledge of what the docket disclosed"); Witty v. Dukakis, 3 F.3d 517, 520 (1st Cir. 1993) ("[P]arties to an ongoing case have an independent obligation to monitor all developments in the case . . . .").[1] When electronic case filing is utilized, as here, counsel needs to monitor the docket for electronic filings. The attorney's failure to monitor for electronic notices constituted a violation of this obligation. Further, his failure to appear at the rescheduled hearing, or provide the court with any notice of unavailability, imposed an unnecessary burden on an extremely busy court, as well as the other participants.

We do think a lesser penalty suffices. The Supreme Court has admonished courts to be cautious in using their inherent power to sanction, explaining that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." Chambers, 501 U.S. at 44. "[T]here is much to be said for deploying the least extreme sanction reasonably calculated to achieve the appropriate punitive and deterrent purposes." Kouri-Perez, 187 F.3d at 8. In the circumstances of this case, where the time for the sentencing hearing was changed less than two days before the hearing, and where there is no indication of an intentional flouting of the court's authority or repeated

---

[1] Indeed, the attorney's motion for reconsideration, to his credit, properly admitted that he had "an affirmative duty to monitor the electronic filing system for entry of new filings or Orders."

tardiness, a lesser sanction will suffice to deter future violations. A $500 sanction would be more appropriate in these circumstances. See Bills v. United States, 11 Fed. App'x 342 (4th Cir. 2001) (per curiam) (affirming district court's imposition of a $500 inherent powers sanction for an attorney's failure to appear at a sentencing hearing).

Additionally, we note that when a court is considering invoking its inherent power to sanction, the much better practice is for the court to hear from the offending attorney before imposing any sanctions. While Armenteros-Chervoni was ultimately given an opportunity to explain himself in his motion for reconsideration, and denial of the intemperate motion was understandable, it is preferable to hear counsel's explanations prior to imposition of sanctions.

We affirm the district court's decision to impose sanctions, but reduce the $1,500 amount of such sanctions to $500. So ordered.