# United States Court of Appeals
## For the First Circuit

No. 13-1228

IN RE JOANNIE PLAZA-MARTÍNEZ,

Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Torruella, Selya and Thompson,

Circuit Judges.

Héctor E. Guzmán, Jr., Federal Public Defender, Héctor L. Ramos-Vega, Assistant Federal Public Defender, Supervisor, Appeals Division, and Patricia A. Garrity, Assistant Federal Public Defender, on brief for appellant.

March 26, 2014

**SELYA, Circuit Judge.** The appellant, Assistant Federal Public Defender Joannie Plaza-Martínez, challenges a monetary sanction imposed for what the court below termed a lack of candor. Her appeal requires us to jump a jurisdictional hurdle and, once that hurdle has been cleared, to evaluate the propriety of the sanction. After careful consideration, we find the sanction insupportable.

The stage can easily be set. In the district court, the appellant acted as counsel for Juan Felix Santiago-Rivera, a criminal defendant who pleaded guilty to a number of charges arising out of a violent carjacking. The relevant facts anent Santiago-Rivera's offense can be gleaned from our opinion rejecting his appeal from the sentence imposed. See United States v. Santiago-Rivera, ___ F.3d ___, ___ (1st Cir. 2014) [No. 13-1228, slip op. at 2-3].

After Santiago-Rivera entered a guilty plea, the court, on August 31, 2012, notified both sides that a disposition hearing would take place on December 14, 2012. On the day before the scheduled hearing, the appellant moved for a continuance and requested that the hearing be reset for a date subsequent to January 11, 2013. As the ground for her motion, the appellant represented that she could not attend the scheduled sentencing because it conflicted with the commencement of a trial in another

-2-

criminal case before a different judge.[1]  As matters turned out, she had not yet entered an appearance in the second case (although she did so shortly after filing the continuance motion).

The district court denied the motion, indicating that the appellant could attend jury selection in the second case after Santiago-Rivera's sentencing.  The appellant responded by renewing her motion for a continuance and reiterating the conflict between the scheduled proceedings in the two cases.  The court denied the renewed motion and, without any prior notice, fined the appellant $100 as a monetary sanction.

To explain this sanction, the court stated in a minute order that the appellant had "not [been] candid with the Court." The court made two related observations.  First, it remarked that the appellant had entered her appearance in the second case subsequent to requesting a continuance of Santiago-Rivera's sentencing.  Second, it remarked that a different assistant federal public defender previously had engaged in similar conduct.[2]  The

_____

[1] As an additional ground, the appellant noted that the probation department had filed an amended presentence report on December 6, 2012.  This filing was so close in time to the scheduled sentencing date that, in her view, it violated the temporal parameters established by Federal Rule of Criminal Procedure 32(e)(2) (which provides that the presentence report must be given to the defendant and defense counsel at least 35 days before sentencing).  This issue is of no relevance here.

[2] This earlier incident does not seem to be the basis for the court's sanction order — and if it were, the imposition of sanctions on that basis could not withstand scrutiny.  The record does not show that the appellant had any knowledge of this

-3-

court warned that if such a conflict arose again, more severe sanctions would ensue.

Later that day, the appellant filed an ex parte motion for reconsideration, seeking not only the previously requested continuance but also vacation of the monetary sanction. The appellant offered to provide the court with a case history report regarding the second case, noting that the report would explain in detail her significant level of involvement with that case in her capacity as supervisor of the Federal Public Defender's litigation section. This filing made pellucid that the appellant had been involved for months in the second case.

The next day, the district court convened Santiago-Rivera's sentencing hearing. Before turning to sentencing, the court resolved the appellant's motion for reconsideration. It stated that if the appellant "had put all of this . . . in [her] original motion, [it] may have done something else" and that "another situation would have occurred." Nevertheless, the court refused to vacate the sanction. It did, however, continue Santiago-Rivera's sentencing to January 17, 2013.

The day before that hearing, Assistant Federal Public Defender Héctor L. Ramos-Vega filed a further ex parte motion for

---

incident, nor does it furnish any plausible ground for visiting upon the appellant the sins of some other public defender. See Martin v. Brown, 63 F.3d 1252, 1265 (3d Cir. 1995) (holding that attorney sanctions must be "imposed solely because of [the attorney's] own improper conduct").

reconsideration of the sanctions order. The motion papers included a timekeeping report, which substantiated the appellant's claim that she had been working on the second criminal matter well before she filed her notice of appearance. The court summarily denied this motion. It sentenced Santiago-Rivera on the following day.

A single notice of appeal was filed. By means of this one notice, Santiago-Rivera sought to appeal his sentence and the appellant sought to appeal the sanctions order and the denial of her motions for reconsideration. The notice of appeal was unarguably proper as to Santiago-Rivera's claims of error, and we resolved those claims in an earlier opinion. When we affirmed Santiago-Rivera's sentence, we held in abeyance the appellant's separate claim of error. See Santiago-Rivera, ___ F.3d at ___ [No. 13-1228, slip op. at 12].

There is an unresolved jurisdictional question concerning the appellant's separate claim of error: can a lawyer obtain appellate review of a sanctions order by piggy-backing on her client's notice of appeal? Although neither side has voiced any concern about this conundrum, "[a] court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011). Accordingly, we must undertake to determine whether we have jurisdiction over the appellant's piggy-backed claim.

-5-

There is no doubt but that the better practice is for an attorney who wishes to challenge a sanctions order directed at him or her to file a separate notice of appeal. See 16A Charles A. Wright & Arthur R. Miller et al., Federal Practice and Procedure § 3949.4 (4th ed. 2013). This is not to say, however, that the better practice is the only acceptable practice.

Federal Rule of Appellate Procedure 3 generally governs the procedural formalities incident to the taking of appeal. Under the 1993 amendments to the rule, an appeal should not be dismissed if it is "clear from the notice that the party intended to appeal." Fed. R. App. P. 3, 1993 advisory committee's note to subdivision (c). With this admonition in mind, we hold that we have jurisdiction over a claim of error made by a lawyer who, rather than filing a separate notice of appeal to challenge a sanction imposed in the course of a case, piggy-backs on the client's notice of appeal; provided, however, that the notice of appeal unambiguously manifests the lawyer's intention to appeal the sanction.

This holding is consistent with our decision in Lamboy-Ortiz v. Ortiz-Vélez, 630 F.3d 228, 243-44 (1st Cir. 2010), in which we concluded, in analogous circumstances, that the lawyer's intent to appeal the sanction was evident from the face of the notice of appeal and should be honored. See id. Moreover, the assertion of jurisdiction here is consistent with our oft-stated

policy of affording liberal construction to Rule 3.  See, e.g., id. at 243; In re Spookyworld, Inc., 346 F.3d 1, 6 (1st Cir. 2003).  Asserting jurisdiction is also consistent with the views of other courts.  See, e.g., Laurino v. Tate, 220 F.3d 1213, 1218 (10th Cir. 2000).

In the case at hand, the notice of appeal named the appellant along with Santiago-Rivera in the caption.  In addition, the body of the notice of appeal made manifest the appellant's intention to challenge the sanctions order.  It memorialized in no uncertain terms the appellant's intent to "appeal[] from the order of the District Court imposing sanctions."  Under these circumstances, we have jurisdiction to hear and determine the appellant's claim of error.

We turn next to the merits.  The court below did not describe the basis of its authority for imposing the challenged sanction, but the circumstances make plain that the sanction was imposed under its inherent power.  See United States v. Romero-López, 661 F.3d 106, 108 (1st Cir. 2011).  In general, a court may levy such a sanction "upon finding that a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  F.A.C., Inc. v. Cooperativa de Seguros de Vida de P.R., 563 F.3d 1, 6 (1st Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991)).  When such a sanction is challenged, we review its

imposition for abuse of discretion.  See Chambers, 501 U.S. at 55; Romero-López, 661 F.3d at 108.

We recognize that trial judges have appreciable leeway in managing their crowded dockets and in determining the appropriateness of sanctions.  Even so, "a judge's power to sanction an attorney is not unbridled."  United States v. Figueroa-Arenas, 292 F.3d 276, 279 (1st Cir. 2002).  The need for restraint is uppermost when a judge is considering the imposition of sanctions on defense counsel in a criminal case:  in such a situation, the judge must "bear in mind such counsel's important constitutional function."  United States v. Agosto-Vega, 731 F.3d 62, 64 (1st Cir. 2013).  It is, therefore, a bedrock proposition that sanctions, though an available weapon in a trial judge's armamentarium, should not be deployed so as "to chill vigorous but legitimate advocacy" in a criminal case.  Figueroa-Arenas, 292 F.3d at 279.

Here, the district court's stated basis for its sanctions order was the appellant's ostensible lack of candor.  The record does not support such a finding.

To begin, the term "not candid" implies a misrepresentation (or, at least, a withholding) of pertinent information.  See, e.g., Random House Dictionary of the English Language 304 (2d ed. 1987) (defining candid as "frank; outspoken; open and sincere").  But in her motion for a continuance, the

appellant neither misrepresented material facts nor withheld important information; she accurately described an actual conflict and straightforwardly asked the court for relief. While the court surely had discretion to deny the motion, we are unable to discern any appropriate basis for a finding that the appellant had not been candid.

To be sure, there is some intimation that the court may have thought that the appellant had been indulging in gamesmanship because she was seeking to have the court resolve a conflict that she herself had created. However, the record makes clear that the conflict cited by the appellant was not of her own making. Although the appellant did not enter a formal notice of appearance in the second case until after Santiago-Rivera's sentencing was scheduled, she had been a key participant in that case for several months. Thus, the conflict was actual — not artificially created.

There is one last point. In denying the first motion for reconsideration, the district court suggested that the appellant might have avoided sanctions had she made a fuller disclosure in her original motion to continue. But this puts the shoe on the wrong foot. The district court acted here without giving the appellant any notice that it was considering sanctions or any opportunity to tell her side of the story. The appellant scarcely can be faulted for not anticipating the judge's concerns.

In this day and age, sanctions are a badge of reprobation that can haunt an attorney throughout his or her career. They can have ramifications that go far beyond the particular case. See 5A Charles A. Wright & Arthur A. Miller et al., Federal Practice and Procedure § 1336.1 (3d ed. 2013) (suggesting that courts "may wish to consider the extrajudicial impact of sanctions and sanction proceedings on the reputation of attorneys and firms"). It follows inexorably that "when a court is considering invoking its inherent power to sanction, the much better practice is for the court to hear from the offending attorney before imposing any sanctions." Romero-López, 661 F.3d at 108 (emphasis in original). Had that practice been followed, it seems apparent from the record that no sanctions would have been imposed.

We need go no further. We do not minimize the fact that lawyers are "fully chargeable with knowledge of what the docket disclose[s]." Rosario-Diaz v. Gonzalez, 140 F.3d 312, 314 (1st Cir. 1998). Nor are we unsympathetic to the desire of a busy district judge to move sentencing proceedings along, particularly in light of "the district court's obligation to impose sentence without unnecessary delay." United States v. Rosario-Otero, 731 F.3d 14, 18 (1st Cir. 2013) (internal quotation marks omitted). At the same time, however, we are mindful that "[b]ecause inherent powers are shielded from direct democratic controls, they must be exercised with restraint." Roadway Express, Inc. v. Piper, 447

U.S. 752, 764 (1980); see In re Atl. Pipe Corp., 304 F.3d 135, 143 (1st Cir. 2002).  Courts must take care in balancing these competing concerns; and here, although the district court was plainly well-intentioned, we think that it struck the balance in a way that the record does not support.  Accordingly, the sanctions order is vacated and the sanction is expunged.  See F.A.C., Inc., 563 F.3d at 8 (vacating sanctions order when stated grounds for sanctions were not supported by record).

**So Ordered.**