# United States Court of Appeals
## For the First Circuit

No. 17-1967

KENDYS PIMENTEL-SOTO,

Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Howard, <u>Chief Judge</u>,
Thompson and Kayatta, <u>Circuit Judges</u>.

<u>Kendys Pimentel-Soto</u>, pro se.
<u>Mariana E. Bauzá-Almonte</u>, Assistant United States Attorney,
Chief, Appellate Division, with whom <u>Rosa Emilia Rodríguez-Vélez</u>,
United States Attorney, was on brief, for the United States.

April 23, 2020

**KAYATTA**, **Circuit Judge**. Attorney Kendys Pimentel-Soto appeals from the district court's order sanctioning her for failing to appear at a status conference. For the reasons that follow, we reverse the issuance of the sanction.

**I.**

The District Court for the District of Puerto Rico appointed attorney Pimentel-Soto to represent a single defendant in a criminal case under the Criminal Justice Act on September 1, 2015.[1] Two weeks later, Pimentel-Soto failed to appear at a status conference scheduled for September 16, 2015. The district court opened the conference by imposing a one-hundred-dollar monetary sanction on Pimentel-Soto for her failure to appear. In her absence, the government provided updates on the case, and the court set the dates for a pretrial conference and trial.

Hours after the district court imposed its sanction, Pimentel-Soto filed a motion for reconsideration asking the court to excuse her non-appearance. She explained that her absence was due to "mistake," because she "scheduled the hearing in her electronic calendar for [the following day] September 17th, 2015, at 9:00 a.m." According to her, at the time of the hearing, she was meeting with her client in preparation for the hearing, which she believed was to be held the next day. She pointed the court

---

[1] Pimentel-Soto was appointed in case United States v. González-Seda, 224 F. Supp. 3d 128 (D.P.R. 2016).

to evidence of her "active attention to th[e] case," including her prompt and timely filing of motions upon her recent appointment.

The district court denied the motion for reconsideration on the same day, and ordered that payment be made in two days. Pimentel-Soto then filed a second motion for reconsideration, also on the same day. This time, she insisted that the district court grant her a hearing so that she might show cause for why her failure to appear "[did] not merit this type of sanction," in light of the "punitive character of such sanction and its stigma on [her] professional reputation and record." In support of her motion, Pimentel-Soto attached a copy of the calendar she used, showing the scheduling error she had made. She also noted that this was the first occasion on which her punctuality at court had been criticized. The district court denied the second motion for reconsideration without holding any hearing.

On September 18, 2015, Pimentel-Soto asked the district court to stay payment of the sanction pending her appeal to this court. The district court denied this request. Pimentel-Soto paid the fine and filed a motion indicating that she did so under protest. In her appeal, she alleges continuing harm to her reputation as a result of the sanction.

**II.**

Pimentel-Soto first contends that the district court abused its discretion by not providing a justification for imposing

- 3 -

its sanction. Second, she asserts that the district court had no ability to sanction her given that her absence was a mistake, and she did not act in bad faith, recklessly, or with willful disobedience of a court order. Third, she claims that the district court imposed a monetary sanction "without prior notice and opportunity to be heard," such that the court's actions "constituted an abuse of discretion and violated her Fifth Amendment right to due process." Fourth, she argues that the decision to sanction her was "arbitrary and capricious." In support of her last two arguments, she points to other cases in the District of Puerto Rico in which attorneys have failed to appear at status conferences under similar circumstances but have not been sanctioned, or where the district court has offered an opportunity for the attorneys to show cause, or both.

We begin our response to these arguments by reiterating our previously-stated admonition: Counsel "have an obligation to remain informed about the status of their cases and comply with applicable scheduling orders issued by the court." United States v. Romero-López, 661 F.3d 106, 108 (1st Cir. 2011) (citing Rosario-Diaz v. Gonzalez, 140 F.3d 312, 314 (1st Cir. 1998) (recognizing that "parties are 'fully chargeable with knowledge of what the docket disclosed'")). In this case, the district court's scheduling order clearly provided that "[c]ounsel's timely attendance is expected at each scheduled in-court conference," and

that "[f]ailure to attend or be fully prepared . . . may entail sanctions." The district judge's Amended Standing Order also plainly indicated that proceedings commence sharply at 9:00 a.m. and that failure to comply with this order "may result in sanctions."

The district court's inherent power to control and regulate proceedings, see Romero-López, 661 F.3d at 107-08; United States v. Kouri-Pérez, 187 F.3d 1, 7 (1st Cir. 1999), includes the power to impose reasonable sanctions for failures to comply with scheduling orders and attendance requirements, see Romero-López, 661 F.3d at 107-08; see also Santiago-Díaz v. Laboratorio Clínico y de Referencia del Este, 456 F.3d 272, 275 (1st Cir. 2006) (affirming a sanction for failure to comply with case-management orders and other imposed deadlines). As we have done in the past, we therefore review the sanctions issued pursuant to this inherent power for an abuse of discretion. See In re Plaza Martínez, 747 F.3d 10, 13 (1st Cir. 2014) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 55 (1991)).

Our case law gives considerable latitude to district courts in issuing sanction orders. See id. at 13 (recognizing that "trial judges have appreciable leeway in managing their crowded dockets and in determining the appropriateness of sanctions"). We have not imposed the substantive limitation asked for by Pimentel-Soto, namely that the court only issue a sanction

under its local rules where the lawyer's conduct is defiant of the court, vexatious, or willful, as opposed to merely negligent or unintentional. See Charbono v. Sumski, 790 F.3d 80, 88 (1st Cir. 2015) (explaining that the "absence of bad faith does not serve to undermine" sanctions imposed under a court's "inherent power," and distinguishing situations in which this general principle would conflict with a more specific rule, such as an award of attorney's fees); Romero-López, 661 F.3d at 108 (finding that a sanction was based on the court's inherent power precisely because it was not based on contempt); In re Smothers, 322 F.3d 438, 443 (1st Cir. 2003) (noting that "[d]istrict judges routinely impose monetary penalties for tardiness without resorting to a finding of criminal contempt"); Kouri-Pérez, 187 F.3d at 8 (recognizing that "non-contempt sanctions normally suffice in circumstances involving less culpable states of mind"). But cf. In re Plaza Martínez, 747 F.3d at 13 ("In general, a court may levy . . . a sanction 'upon finding that a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."'" (quoting F.A.C., Inc. v. Cooperativa de Seguros de Vida de P.R., 563 F.3d 1, 6 (1st Cir. 2009) (reviewing an inherent-power sanction ordering payment of attorney's fees and costs)); Lamboy-Ortiz v. Ortiz-Vélez, 630 F.3d 228, 245-46 (1st Cir. 2010) (explaining that sanctions under 28 U.S.C. § 1927 are not applicable in circumstances of "[g]arden-variety carelessness or even

incompetence," and that they instead require "a studied disregard of the need for an orderly judicial process, or . . . reckless breach of the lawyer's obligations as an officer of the court" (first alteration in original) (quoting Jensen v. Phillips Screw Co., 546 F.3d 59, 64 (1st Cir. 2008))). Nonetheless, even at its most robust, "a judge's power to sanction an attorney is not unbridled." In re Plaza-Martínez, 747 F.3d at 13 (quoting United States v. Figueroa-Arenas, 292 F.3d 276, 279 (1st Cir. 2002)).

In this case, three aspects of the district court's use of sanctions, when combined, give us pause. First, as one might expect, the presiding district judge in this case does not uniformly sanction all counsel who fail to appear. To the contrary, the court's standard form scheduling order states that sanctions for failure to appear "may" be issued. And the district judge confirms that he "imposes sanctions sparingly and in the context of each case." Written Statement of the United States District Court for the District of Puerto Rico at 17, Pimentel-Soto, No. 17-1967 (1st Cir. Oct. 7, 2019), ECF No. 48. Data provided by Pimentel-Soto and the government further suggest that there are indeed quite a few cases in which lawyers who fail to appear are not sanctioned.

Second, we cannot discern what criteria determine which non-appearing attorneys are sanctioned and which ones are not. There may be some inclination towards not sanctioning lawyers for

- 7 -

their first failure to appear, although this case makes clear that any such dispensation is not uniformly applied. Overall, the data do not reveal a pattern sufficient to inform lawyers of the circumstances in which they will, or will not, incur sanctions due to non-attendance. We suspect that the criteria may be something like good cause. But then it is difficult to see how there could be many failures to appear that are more innocent than this one, where counsel's neglect was in failing to take sufficient care in entering the conference date on an office calendar. There is no hint in either the local rules, the standing order of any judge, or case law indicating what criteria differentiate this failure from those not sanctioned.

In previous cases, we have reversed sanctions where we have found that the attorney did not have adequate notice of the rule forming the basis of a sanction. See, e.g., United States v. Agosto-Vega, 731 F.3d 62, 66 (1st Cir. 2013); Boettcher v. Hartford Ins. Grp., 927 F.2d 23, 26 (1st Cir. 1991); In re Richardson, 793 F.2d 37, 41 (1st Cir. 1986). The lack of notice that concerns us here is partial and implicit: The specter of a fine is disclosed, but no hint is provided as to why it is imposed sometimes and often not others. Clarity about a rule requires clarity about available excuses or exceptions to it. As our due process case law has recognized, some reasonable notice as to what circumstances result in a fine and what circumstances do not ensures that persons have

a "reasonable opportunity to understand what conduct [the rule] prohibits" in the first place. <u>Hill</u> v. <u>Colorado</u>, 530 U.S. 703, 732 (2000). That notice also guards against arbitrariness in application and enforcement, thus warding off claims of the sort raised here. <u>Id.</u>

Third, the district court fined counsel without first giving her a chance to show cause or explain her failure to appear. We have repeatedly urged district courts to listen before sanctioning. "[W]hen 'a court is considering invoking its inherent power to sanction, the much better practice is for the court to hear from the offending attorney before imposing any sanctions.'" <u>Agosto-Vega</u>, 731 F.3d at 66 (quoting <u>Romero-López</u>, 661 F.3d at 108); <u>see also</u> <u>Kouri-Pérez</u>, 187 F.3d at 13-14 (explaining that when imposing sanctions district courts may not simply overlook relevant due process considerations). We have recognized an exception when the conduct calling for a sanction occurs in the judge's presence. <u>See</u> <u>Agosto-Vega</u>, 731 F.3d at 66. Here, the non-appearance itself occurred in the judge's presence. But the reason for the non-appearance was not known to the judge when he issued the sanction. And as we have just explained, and as best we can tell, it might be something about the reason for an attorney's absence that accounts for why some attorneys are not sanctioned for failing to appear.

We do not doubt that the district court has in mind fair criteria or factors by which it differentiates its treatment of lawyers who fail to appear. But without notice of these criteria, the bar and public may think otherwise. Unequal treatment without an opportunity to be heard before a sanction is imposed and the absence of any explanation for that inequality may cause observers to suspect irrationality or worse. And our own confidence that such suspicions are unwarranted serves as too pat a reassurance.

To be clear, sanctions for non-appearance may be imposed. A small fine uniformly applied with strict liability would at least not appear capricious in its application. But we doubt that district court judges would want to impose sanctions in the absence of any fault at all, such as (for example) where counsel suffers a heart attack on the way to court. It is presumably for this good reason that strict liability is apparently not the current practice.

A rule that a fine will be imposed absent a showing of no neglect would also plainly work. Of course, a fine under such a rule would not be imposed before the court learned the facts upon which issuance of the sanction hinged. Rather, an order to show good cause would issue, in response to which most counsel would likely simply send in the fine (perhaps with an apology) absent some good excuse other than neglect. And contrary to what Pimentel-Soto fears, an uncharacteristic and unintentional error

of this sort would not normally reflect adversely on the lawyer's ethics or customary reliability.

While reaffirming the inherent power of the district court to issue sanctions on counsel, we reiterate that these powers must be "exercised with restraint and circumspection."  United States v. Horn, 29 F.3d 754, 760 (1st Cir. 1994); see also Romero-López, 661 F.3d at 107 ("Because of their very potency, inherent powers must be exercised with restraint and discretion." (alteration omitted) (quoting Chambers, 501 U.S. at 44)).  Where the facts that are apparently decisive in determining whether conduct will be sanctioned are unknown to the judge until counsel is heard from, issuance of a sanction without any opportunity to be heard beforehand "increases the likelihood of error and the appearance of unfairness."  Agosto-Vega, 731 F.3d at 66.

## III.

For the foregoing reasons, and exercising our supervisory authority, see United States v. Curran, 926 F.2d 59, 63 (1st Cir. 1991) (citing Thomas v. Arn, 474 U.S. 140, 146-47 (1985)), we reverse the sanction in this case.