**F I L E D**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

IN RE: CONTEMPT ORDER,

---

ERIC D. PETERSEN, Assistant Utah
Attorney General and Special
Assistant United States Attorney,

      Appellant.

No. 05-4191

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 05-MC-410-DAK)**

---

Submitted on the brief:[*]

Wayne T. Dance, Assistant United States Attorney (and Paul M. Warner, United
States Attorney, with him on the brief), Salt Lake City, Utah.

---

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause therefore
is ordered submitted without oral argument.

Appellant Eric D. Petersen, a special assistant United States attorney, appeals from a summary criminal contempt order issued by a federal magistrate judge, and the subsequent denial of his appeal by the district court. Mr. Petersen was five minutes late to a pretrial detention hearing. He apologized to the court and fortunately was present in time to present the government's position. At the conclusion of the hearing, the magistrate judge informed Mr. Petersen that he was being fined $50.00 for his tardiness, and that he had one week in which to pay that fine to the clerk of the court. The district court, after ordering the magistrate judge to provide a written contempt order as required by Fed. R. Crim. P. 42(b) and 28 U.S.C. § 636(e)(2), denied the government's appeal.

The government moved for reconsideration because it had not had the opportunity to file a brief on appeal subsequent to the magistrate judge's written order. On reconsideration, the district court did not address the numerous authorities cited by the government to the effect that absent extraordinary circumstances, summary criminal contempt for mere tardiness is improper. Instead, the district court concluded that (1) Mr. Petersen's absence occurred in the presence of the magistrate judge, (2) repeated tardiness is not necessary for invocation of summary criminal contempt, and (3) the United States Attorney's office was well aware of the magistrate judge's "standing policy," i.e. "if an individual is late, zero to fifteen minutes, there's a $50 sanction that's payable to

the court." Aplt. App. 53-55, 62.

On appeal, Mr. Petersen contends that the district court erred in denying his appeal from the criminal contempt order for three reasons: (1) the magistrate judge made no inquiry into, and no evidence informs, whether Mr. Petersen had the requisite mens rea for criminal contempt; (2) the magistrate judge, contrary to the statutory language of § 636(e)(2), did not personally observe the purportedly contemptuous behavior; and (3) the magistrate judge, also contrary to the statutory language of § 636(e)(2), failed to indicate how Mr. Petersen's late arrival constituted "misbehavior" that "obstruct[ed] the administration of justice." Our jurisdiction arises under 28 U.S.C. § 1291, and we reverse.

Discussion

Where a magistrate court has issued a summary contempt order, we review for an abuse of discretion. Rodriguez v. IBP, Inc., 243 F.3d 1221, 1231 (10th Cir. 2001). An abuse of discretion will be shown where the court's adjudication of the proceedings is founded upon an error of law, or a finding of fact that is clearly erroneous. Id. We must note, of course, the distinction between criminal contempt that is indirect and requires notice and an adversarial presentation including an opportunity to be heard, and direct criminal contempt that may be summarily punished. See Fed. R. Crim. P. 42(a)-(b).

While Congress has granted magistrate judges the ability to issue summary criminal contempt citations,[1] and has restructured the language of Rule 42,[2] the basic framework for direct summary contempt remains the same. Where, as here, the contempt alleged is direct in nature, Rule 42 instructs the magistrate judge to follow § 636(e)(2), which allows for the issuance of a contempt order where a person's "misbehavior . . . in the magistrate judge's presence . . . obstruct[s] the administration of justice." 28 U.S.C. § 636(e)(2). The statute instructs that the mandates of Rule 42(b) must be followed as well, insofar as the magistrate must provide a written order, which must "recite the facts, be signed by the judge, and be filed with the clerk." Fed. R. Crim. P. 42(b). The distinction between direct and indirect contempt, coupled with the discretion allowed the magistrate judge, makes perfect sense, for direct contempt would have occurred in the judge's presence, and would allow the judge to issue such a summary order which would be a swift response to contumacious conduct that may portend a threat to a court's immediate ability to conduct its proceedings. See Int'l Union, UMWA v.

---

[1] In November of 2000, Congress amended 28 U.S.C. § 636(e) to include § 636(e)(2), which provides magistrate judges with the authority to issue summary contempt orders.

[2] In December of 2002, Congress amended Rule 42, and the previous subsection (a) became subsection (b), and vice versa. In addition, Rule 42(b) was amended to allow magistrate judges to "summarily punish a person as provided in 28 U.S.C. § 636(e)." In so doing, the magistrate judge must set out the facts and sign the written order.

<u>Bagwell</u>, 512 U.S. 821, 826 (1994); <u>United States v. Peterson</u>, 456 F.2d 1135, 1139 (10th Cir. 1972).

While we are aware of the magistrate judge's "standing policy," the summary contempt order in this case is a paradigmatic instance of an abuse of discretion. First, by no stretch did the contempt occur within the presence of the court. Mr. Petersen simply was absent for five minutes. Just as the record contains not a scintilla of evidence suggesting that the United States Attorney's office (let alone Mr. Petersen, a special assistant) was aware of the magistrate judge's "standing policy," the facts in the record do not suggest that his mere absence was part of a series of larger events suggesting a conscious disregard of the court's procedures. 28 U.S.C. § 636(e)(2); <u>see also</u> <u>In re Smothers</u>, 322 F.3d 438, 440 (6th Cir. 2003) ("[A]n attorney's absence is not something obvious to the court and therefore cannot fall under Rule 42(a)."); <u>In re Chandler</u>, 906 F.2d 248, 249-50 (6th Cir. 1990) ("A lawyer's failure to attend court is not a contempt in the presence of the court."); <u>United States v. Onu</u>, 730 F.2d 253, 255-56 (5th Cir. 1984) ("A lawyer's failure to attend court is not a contempt in the presence of the court.").

Second, there is absolutely no indication that Mr. Petersen's tardiness, during a portion of the defense counsel's presentation on detention to the court, constituted "misbehavior" that obstructed the administration of justice, <u>see</u> 28

U.S.C. § 636(e)(2), particularly when Mr. Petersen was ready to proceed with the government's detention position when requested by the court. Third, the magistrate judge never asked Mr. Petersen what reason, if any, he had for his late arrival, and thus Mr. Petersen's mental state for a criminal citation was, quite frankly, indecipherable. See In re Smothers, 322 F.3d at 440 ("[T]he court must learn why the attorney was late in order to determine whether the attorney had criminal intent.")(internal citation and quotation omitted); United States v. Themy-Kotronakis, 140 F.3d 858, 861 (10th Cir. 1998) (indicating that willful state of mind is an "essential" element of criminal contempt) (internal quotation omitted); In re Chandler, 906 F.2d 248, 250 (6th Cir. 1990).

Furthermore, as a matter of common sense, let alone the professional implications, we find it more than a little peculiar to punish without the faintest idea of what the precipitating cause of the action may be – frivolous or quite serious indeed. See Onu, 730 F.2d at 256 ("Contempt results only from the lack of a good reason for the lawyer's absence. No contempt has been committed if the absence is excusable because it was occasioned by good cause."). It bears repeating that the summary contempt power is "reserved for exceptional circumstances," see Harris v. United States, 382 U.S. 162, 164 (1965) (internal citation and quotations omitted), and being five minutes late to a detention hearing, and yet still timely for one's own presentation, is simply not

- 6 -

"exceptional" enough (especially absent allowance for an explanation) to warrant imposition of a summary criminal contempt sanction.

REVERSED with instructions to VACATE the summary contempt order.