**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 14, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ADRIAN HERNANDEZ,

      Defendant.

      No. 13-1453

-----------------------------------------------

MIGUEL R. VELASCO,

      Attorney - Appellant.

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:12-CR-00022-MSK-4)**

---

Submitted on the briefs[*]:

Miguel R. Velasco, Commerce City, Colorado, Appellant-Attorney, on the briefs.

John F. Walsh, United States Attorney, and J. Bishop Grewell, Assistant United States Attorney, Denver, Colorado, for Plaintiff-Appellee.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Before **GORSUCH,** Circuit Judge, **SENTELLE,** Senior Circuit Judge,[**] and **MURPHY**, Circuit Judge.

---

**SENTELLE**, Senior Circuit Judge.

---

The District Court  sanctioned the defense attorney in the underlying criminal case for contempt.  The attorney appeals, arguing that the Court erred in conducting the contempt proceeding as direct contempt, rather than following the more protective proceedings applicable to indirect contempt.  Upon review, we conclude that the District Court committed no reversible error, and for the reasons more fully set out below, we affirm.

## BACKGROUND

This case arises out of the criminal proceeding, *United States v. Adrian Hernandez*, No. 12-cr-00022 (D. Colo.).  Hernandez pleaded guilty to two counts of an indictment charging conspiracy to distribute a controlled substance and was sentenced to concurrent terms of sixty months in prison.  Hernandez did not appeal from that judgment.  However, the District Court also found his attorney, Miguel Ramon Velasco, in contempt of court and imposed a monetary sanction.  Velasco appeals from the District Court's judgment finding him in contempt.

In the underlying criminal proceedings, on the day before a scheduled hearing for

---

[**]The Honorable David B. Sentelle, Senior United States Circuit Judge for the District of Columbia Circuit, sitting by designation.

his client's change of plea, appellant filed a motion for continuance, citing a problem with a computer that hampered translation of the plea. The Court granted this motion. Appellant appeared with his client, who entered a plea of guilty on a new date agreed to by the parties.

A sentencing hearing was scheduled for a date two months later. Again Velasco filed a motion to continue one day before the scheduled hearing, citing competing scheduling of other hearings and that he had been unsuccessful in finding substitute counsel. The Court granted the motion but directed the parties to agree on a new sentencing date and ordered that "[n]o further motions to continue will be granted." Text Order, ECF No. 192. By order of May 30, 2013, the Court set the sentencing hearing on the date of August 7, 2013, as agreed by the parties. Text Order, ECF No. 193.

Despite the Court's order, at the end of July, ten days before the scheduled sentencing date, Velasco filed a further motion for continuance. This time he offered as a reason for the continuance that:

> Non-refundable family travel accommodations have been made and the family cannot make other plans due to the start of school. The undersigned's family has foregone travel plans for the past several years due to the demands of the undersigned's immigration practice. Previous plans for travel this summer had to be cancelled.

App. at 52. Velasco further asserted that his client did not agree to substitute counsel attending the hearing and therefore wanted the matter continued until Velasco would be present. The Court, consistent with its prior announcement that no further continuance would be entertained, denied the motion. Order, ECF No. 195. Velasco emailed

3

government counsel to advise that he did not plan on being in court on the scheduled date and that he would attempt to arrange for substitute counsel. Substitute counsel appeared without the agreement of the client. At the client's request, the substitute counsel made an oral motion for continuance, and sought, unsuccessfully, to limit his appearance to the current sentencing hearing.

The Court, apparently recognizing the impact of these events on the rights of the defendant, agreed to reschedule the sentencing, and directed that Velasco be present to show cause why he should not be held in contempt of court. At the show cause hearing, after hearing from Velasco, the Court found that Velasco had knowingly scheduled a vacation over the time period when the hearing was set, even while being aware of the Court's prior directive that the case would not be further continued. The Court further found that Velasco had conferred with the client and learned that the client would not be satisfied with substitute counsel at the hearing, that he did not have the client's permission to have substitute counsel appear on his behalf, and that substitute counsel was not authorized by the Court to enter an appearance. The Court further found that Velasco did not appear at a hearing which he knew was scheduled and had not been continued. The Court therefore held Velasco in contempt of court and imposed a sanction of $2000. The Court expressly asked Velasco, "Any need for clarification or further explanation?" Velasco responded, "No, Your Honor." Supp. App. at 22.

The next day, September 27, 2013, Velasco filed a motion for reconsideration, or in the alternative, to alter, amend, or grant relief from the judgment. In support of the

motion, Velasco added the additional fact that the client's brother had agreed to the appearance of substitute counsel. App. at 15–18. He offered no reason why the client's brother would be authorized to make that agreement on behalf of the defendant. On November 1, 2013, the Court entered an opinion and order denying relief and reaffirming the finding of contempt.

Appellant's Argument

Although appellant sets forth five alleged issues for review, all principally rest on his assumption that the Court erred by employing the summary contempt procedures of Fed. R. Crim. Pro. 42(b) applicable to direct contempt rather than affording him the full panoply of notice-and-hearing procedures available under Rule 42(a) applicable to indirect contempt. For the reasons set forth below, we conclude that the District Court committed no reversible error in entering its holding of contempt, and we will therefore affirm.

**ANALYSIS**

Appellant proceeds on the assumption that the appropriate "standard of review" is "abuse of discretion." Appellant's Br. at 10 (citing *In re Contempt Order*, 441 F.3d 1266, 1267 (10th Cir. 2006), and *Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1231 (10th Cir. 2001)). The United States agrees that "[n]ormally, the decision to use Rule 42's 'summary contempt procedures instead of [its] notice-and-hearing procedures' is reviewed for an abuse of discretion." Appellee's Br. at 11 (quoting *In re Ellenbogen*, 72 F.3d 153, 157 (D.C. Cir. 1995)). However, the United States contends, and we agree, that the standard

5

of review is governed by *United States v. Turrietta*, 696 F.3d 972 (10th Cir. 2012). *Turrietta* reiterated the "familiar" principle that a "'right of any sort may be forfeited by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.'" *Id.* at 976 (quoting *United States v. Olano*, 507 U.S. 725, 731 (1993) (internal punctuation and further citations omitted)). In the record before us, it is plain that appellant did not assert his claimed right to the further procedural safeguards in the District Court. "Accordingly, we review only for plain error." *Turrietta*, 696 F.3d at 976.

To obtain relief under the plain error standard, appellant must meet a four-part test. He must establish that "the district court (1) committed error, (2) the error was plain, and (3) the plain error affected his substantial rights." *Id.* If appellant establishes these three factors, the Court of Appeals "may exercise discretion to correct the error if it (4) 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Cordery*, 656 F.3d 1103, 1105 (10th Cir. 2011)). Velasco's allegations of error do not survive this four-part test. His argument fails at the second step because it is not plain that his contempt was indirect rather than direct. Further, even if appellant had met the requirements of the first three steps, the procedures actually employed by the District Court did not result in a miscarriage of justice so that the fourth element is not met either.

### Appellant's Contempt Was Not Plainly Indirect

Because appellant's assignments of error rest on the assumption that the trial court improperly employed the summary procedure available for the adjudication of direct

6

contempt, rather than the more protective procedure for indirect contempt, and because

we are reviewing the record for plain error, we will briefly examine the difference

between the two types of contempt in order to determine whether the contempt in

question was plainly indirect. The Supreme Court has long held that the trial court must

afford "basic due process procedural safeguards" in cases of indirect contempt. *In re*

*Oliver*, 333 U.S. 257, 274 (1948) (citing *Cooke v. United States*, 267 U.S. 517 (1925)).

Those necessary procedures are set forth in Fed. R. Crim. Pro. 42(a):

> (1) Notice. The court must give the person notice in open court, in an order
> to show cause, or in an arrest order. The notice must:
>> (A) state the time and place of the trial;
>> (B) allow the defendant a reasonable time to prepare a defense; and
>> (C) state the essential facts constituting the charged criminal
> contempt and describe it as such.

However, the rules further provide that a district judge "may summarily punish a person

who commits criminal contempt in its presence if the judge saw or heard the

contemptuous conduct and so certifies . . . ." Fed. R. Crim. Pro. 42(b). This distinction

was recognized by the Supreme Court before the adoption of the current rules. In *Oliver*,

the Court stated, "[C]ourts have long exercised the power summarily to punish certain

conduct committed in open court without notice, testimony or hearing." 333 U.S. at 274

(citing *In re Terry*, 128 U.S. 289 (1888)). Therefore, to establish that the District Court

committed plain error, appellant would need to show that his contempt fell within the

category governed by Rule 42(a) rather than 42(b).

As we suggested above, appellant's arguments rest generally on the assumption

7

that the alleged contempt was indirect, as it did not "occur[] in the presence of the Court." Appellant's Br. at 12. As we further suggested, appellant never raised this issue in the District Court. In his brief, appellant asserts three places in the record in which he claims to have raised the issue. We reviewed the record and determine that in none of these did he in fact do so. Conspicuously, he asserts that "this issue was raised orally" by him in the hearing following the sentencing of the criminal defendant. We have reviewed the transcript of that hearing, and find no such raising of the issue. Velasco offered the Court excuses and apologies for his behavior, but never mentioned the distinction between direct and indirect contempt. Indeed, after the entry of the oral sanction order, the Court asked, "Any need for clarification or further explanation?" Supp. App. at 22. Velasco replied, "No, Your Honor."

He further claims to have raised the issue in his motion for reconsideration. Again, we have reviewed the record document and discern that it contains reiteration and amplification of his apology and explanation, but no reference to the distinction between direct and indirect contempt. Finally, he asserts that the issue was raised in his reply (apparently meaning his reply to the government's response to defendant's motion for reconsideration). Again, we reviewed the document, which again reiterates his regrets, apologies, and excuses, but never mentions the critical distinction he raises before this Court. Therefore, it remains our conclusion that the appropriate standard of review is plain error, which we will apply unless we determine that the conduct constituting the contempt was clearly indirect.

Appellant relies on our decision in *In Re Contempt Order*, 441 F.3d 1266 (10th Cir. 2006), for the proposition that an attorney's absence from court is clearly not direct contempt. However, we do not find that decision to establish with clarity that the district judge erred in the present controversy. *In Re Contempt* concerned a magistrate judge's punishment of an Assistant United States Attorney for being tardy by five minutes to a hearing. As appellant argues, the *In Re Contempt* Court held that this five-minute absence from the hearing did not constitute direct contempt. It did not hold that an attorney's absence could never constitute direct contempt. In that opinion, we observed that "the facts in the record do not suggest that his mere absence was part of a series of larger events suggesting a conscious disregard of the court's procedures." *Id.* at 1268. We further noted that

> there is absolutely no indication that [the attorney's] tardiness . . . constituted "misbehavior" that obstructed the administration of justice . . . particularly when [the attorney] was ready to proceed with the government's detention position when requested by the court.

*Id.* (citations omitted). We finally observed that the "judge never asked [the attorney] what reason, if any, he had for his late arrival . . . ." *Id.* We also added that "we find it more than a little peculiar to punish without the faintest idea of what the precipitating cause of the [absence] may be." *Id.* at 1268–69.

In short, it is not "plain," as required in the second element of plain error analysis, that our decision in *In Re Contempt Order* governs the present case. In reaching this conclusion, we further observe that the *In Re Contempt* decision cited and relied on a

9

decision of the Fifth Circuit in *United States v. Onu*, 730 F.2d 253 (1984). While it is true, as appellant argues, that the Fifth Circuit stated that "a lawyer's failure to attend court is not a contempt in the presence of the court," that is not the end of the decision. The *Onu* Court went on to observe that

> [i]t is at least possible that in some instances of absence or tardiness the reason may be known to the court. Counsel may advise the court that he will not appear for a certain reason or he may advise the court why he was absent. In such instances, it may be that all the procedures [applying to indirect contempt] need not be followed.

*Id*. at 256 n.5. On the record before us, by contrast, the judge knew precisely why the attorney failed to appear. The record reflected and the judge recited in her order that he had planned to miss the hearing and did so based on travel arrangements that he made while aware of the scheduled hearing, on a date as to which he had consented, and that his client did not consent to substitute counsel. It was plain to her, and to us from the record, that his absence was not justified and was in disregard of its effect on the proceedings of the Court. Neither *In Re Contempt Order* nor *Onu* support the proposition that this was clearly indirect contempt. In short, we conclude that under the standard set forth in *Turrietta*, the allegation of error not having been raised with the District Court, and the error not being plain, appellant is not entitled to relief.

### The Alleged Error Does Not Affect the Fairness, Integrity, or Public Reputation of Judicial Proceedings

Finally, we also conclude that even if appellant's allegation of error survives the first three steps of plain error review, we would nonetheless grant no relief. Appellant in

10

fact had the benefit of procedures which essentially protected his rights as if the Court had followed Rule 42(a). He was given notice of the hearing and the opportunity to show cause. The Court expressly asked if he had anything further to add, and he replied that he did not.

Further, the Court entertained appellant's motion for reconsideration, in which he presented no forecast of evidence that would have relieved him of the contempt citation. App. at 43–44. We note in this connection that appellant's fifth assignment of error alleges rather cryptically that "the District Court by granting in part the Motion for Reconsideration found reasonable doubt which is sufficient to set aside the Contempt order." Appellant's Br. at 4. We are not certain what appellant means by this language, but we have reviewed the Court's order on reconsideration and find nothing which supports relief. The only extent to which the Court "grant[ed]" the motion for reconsideration reads as follows: "Mr. Velasco's Motion for Reconsideration . . . is GRANTED IN PART, insofar as the Court has reconsidered its findings of contempt in light of the additional information and argument presented by Mr. Velasco, and DENIED IN PART, insofar as the Court, . . . upon reconsideration, nevertheless adheres to its initial determination finding Mr. Velasco in contempt of court." App. at 43–44.

This language in the concluding paragraph of the order follows the Court's reiteration and explanation of its reasons for the original finding of contempt. All the Court did by "granting in part" the motion for reconsideration was provide Mr. Velasco a further opportunity to make his case, further underscoring our decision that we will not,

11

under the fourth step of plain error review, grant the relief.

For the reasons set forth above, the decision of the District Court is affirmed.